UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONALD MCCALLISTER,<br><br>Petitioner,<br>v.<br>BRIAN E. WILLIAMS, et al.,<br><br>Respondents. | Case No. 2:18-cv-01140-JCM-PAL<br><br>ORDER |

Petitioner Donald McCallister has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has now paid the filing fee (ECF Nos. 1-1,5). The court has reviewed the petition pursuant to Habeas Rule 4. The court notes that while McCallister attempts to incorporate state pleadings and refers to them as attached exhibits, he has failed to attach any exhibits. McCallister does also include a claim of ineffective assistance of trial counsel for failure to challenge the statute of limitations on numerous counts (*see* ECF No. 1-1, p. 3). Therefore, the petition shall be docketed and served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his

1

petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has also filed a motion for appointment of counsel (ECF No. 2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, McCallister states that he is serving a sentence of 60 years to life, and it is unclear whether the legal issues he wishes to raise may be complex. Therefore, McCallister's motion for counsel shall be granted.

**IT IS THEREFORE ORDERED** that the Clerk **shall file and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner.

| | |
|---|---|
| 1 | **IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). The FPD shall have thirty (30) days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings. |

**IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1). The FPD shall have thirty (30) days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that after counsel has appeared for petitioner in this case, the court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

DATED: August 14, 2018.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE