UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD MCCALLISTER,<br><br>    Petitioner,<br>v.<br>BRIAN E. WILLIAMS, et al.,<br><br>    Respondents. | Case No. 2:18-cv-01140-JCM-PAL<br><br>ORDER |

Before the court is petitioner Donald McCallister's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 14, 2018, this court granted petitioner's motion for counsel and appointed the Federal Public Defender to represent petitioner in this action (ECF No. 6). On September 13, 2018, Jonathan M. Kirshbaum of the Federal Public Defender's Office appeared on behalf of petitioner (ECF No. 9).

On September 14, 2018, McCallister, through counsel, filed a motion for leave to file a first-amended petition (ECF No. 10). Counsel explained that he sought leave because the court had not yet issued a scheduling order, and he sought to preserve all viable claims. Respondents indicated that they do not oppose the filing of the first-amended petition (ECF No. 13). Good cause appearing, the motion is granted.

Contemporaneously, petitioner filed a counseled motion for leave to file a second-amended petition (ECF No. 11). Counsel for petitioner states that, based on the portions of the state-court record he had, he believes that the one-year AEDPA deadline

1

restarted with an amended judgment of conviction filed on July 25, 2018. However, as counsel did not have the complete state-court record, he acted quickly to file what he alleges is a timely first-amended petition even if the statute of limitations were to run from the date of McCallister's original judgment of conviction. While respondents oppose the motion for leave to file a second-amended petition, they cannot demonstrate prejudice at this time. Moreover, respondents will have an opportunity to raise any procedural defenses to the second-amended petition by way of a motion to dismiss. Therefore, the motion for leave to file a second-amended petition is granted.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to file a first-amended petition (ECF No. 10) is **GRANTED**. The Clerk shall DETACH and FILE the first-amended petition (ECF No. 10-1).

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a second-amended petition (ECF No. 11) is **GRANTED**. Petitioner shall have **90 days** from the date of this order to FILE AND SERVE on respondents an amended petition for writ of habeas corpus, which shall include all known grounds for relief (both exhausted and unexhausted).

**IT IS FURTHER ORDERED** that respondents shall have **45 days** after service of a second-amended petition within which to answer, or otherwise respond to, the amended petition. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the

2

answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by the parties herein shall be filed with an index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed shall further be identified by the number or letter of the exhibit in the attachment.

**IT IS FURTHER ORDERED** that the parties **SHALL SEND** courtesy copies of all exhibits to the Reno Division of this court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties shall provide courtesy copies of any additional exhibits submitted to the court in this case, in the manner described above.

DATED: October 15, 2018.

                                              JAMES C. MAHAN
                                              UNITED STATES DISTRICT JUDGE