UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DONALD MCCALLISTER,

                Petitioner,

v.

BRIAN E. WILLIAMS, et al.,

                Respondents.

Case No. 2:18-cv-01140-JCM-EJY

ORDER

This habeas petition is before the court on petitioner Donald McCallister's unopposed motion for a stay in accordance with *Rhines v. Weber* (ECF No. 39). The motion is granted.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

1

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Here, the Nevada Supreme Court granted McCallister postconviction relief on his claim of ineffective assistance of counsel for failing to raise a statute of limitations defense at trial as to 13 counts of lewdness. But McCallister contends that he was blocked from raising the claim that his Fourteenth Amendment due process rights were violated because the jury heard the lewdness evidence—which would not have been admissible—in addition to the evidence regarding 6 counts of sexual assault (ECF No. 39). He sets forth the seemingly tortured procedural history of his state postconviction claims and argues that a stay in this case is appropriate because he had no way, before now, to litigate the claims that he has raised in his currently-pending state postconviction petition. *Id.* at 16.

Respondents explain that while they do not agree with all of McCallister's arguments as to why a stay is warranted, in the interest of comity they do not oppose a stay of these federal proceedings (ECF No. 40). McCallister has demonstrated good cause for the unexhausted claims, shown that the claims are sufficiently meritorious, and demonstrated that he has not acted with dilatory intent. *Rhines*, 544 U.S. at 277.

Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.

**IT IS THEREFORE ORDERED** that petitioner's motion for issuance of stay and abeyance (ECF No. 39) of this federal habeas corpus proceeding is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's postconviction habeas petition.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within 45 days of the issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings on the postconviction habeas petition.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

**IT IS FURTHER ORDERED** that in light of the stay respondents' motion to dismiss (ECF No. 33) is **DENIED** without prejudice.

DATED: January 9, 2020.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE