UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD MCCALLISTER,<br><br>　　　　　　Petitioner,<br>　v.<br>BRIAN E. WILLIAMS, et al.,<br><br>　　　　　　Respondents. | Case No. 2:18-cv-01140-JCM-EJY<br><br>ORDER |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 9, 2020, this court granted a stay and administratively closed petitioner Donald McCallister's federal habeas corpus action while he litigated his state petition (ECF No. 41).

McCallister states that his state-court proceedings have concluded, and he now returns to this court seeking to reopen this case (ECF No. 42). Good cause appearing, this action is reopened, and the court now sets a further briefing schedule.

**IT IS THEREFORE ORDERED** that petitioner's motion to reopen this action (ECF No. 42) is **GRANTED**.

**IT IS FURTHER ORDERED**, as the stay is lifted by this order, that the Clerk REOPEN THE FILE in this action.

**IT IS FURTHER ORDERED** that respondents file a response to the second-amended petition, including potentially by motion to dismiss, within **90 days** of the date of this order, with any requests for relief by petitioner by motion otherwise being subject

to the normal briefing schedule under the local rules.  Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, should be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents be filed with a separate index of exhibits

2

identifying the exhibits by number. The CM/ECF attachments that are filed further should be identified by the number of the exhibit in the attachment.

**IT IS FURTHER ORDERED** that, at this time, the parties send courtesy copies of **any responsive pleading or motion and INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Send courtesy copies to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

DATED: March 10, 2021.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE