UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD MCCALLISTER,<br><br>Petitioner,<br><br>v.<br><br>BRIAN E. WILLIAMS, et al.,<br><br>Respondents. | Case No. 2:18-cv-01140-JCM-EJY<br><br>ORDER |

Donald McCallister's 28 U.S.C. § 2254 second-amended habeas corpus petition is before the court on respondents' motion to dismiss several grounds as unexhausted and/or non-cognizable (ECF No. 45). McCallister opposed (ECF No. 48), and respondents replied (ECF No. 50). As discussed below, the motion is granted in part.

**I.      Procedural History and Background**

A jury convicted McCallister of six counts of sexual assault of a minor under 14 years of age and thirteen counts of lewdness with a child under the age of 14 (exhibit 4).[1] The state district court sentenced him to terms that amounted to life in prison with the possibility of parole after 45 years. *Id.* Judgment of conviction was entered on January 3, 2012. *Id.*

---

[1] Exhibits 1-30 are exhibits to petitioner's second-amended petition, ECF No. 27, and are found at ECF Nos. 2830. Exhibits 31-182 are exhibits to respondents' first motion to dismiss, ECF No. 33, and are found at ECF Nos. 34-37. Exhibits 183-213 are exhibits to respondents' second motion to dismiss, ECF No. 45, and are found at ECF No. 46.

1

The Nevada Supreme Court affirmed McCallister's convictions in January 2014. Exh. 8. In February 2017, the Nevada Supreme Court affirmed in part and reversed and remanded in part the denial of his state postconviction habeas corpus petition. Exh. 15. The court held that the statute of limitations had expired for the lewdness charges. The court remanded for an evidentiary hearing on McCallister's claim that trial counsel was ineffective for failing to raise a statute of limitations defense.

At an April 2017 hearing, the State moved in district court to dismiss the lewdness counts because it did not change McCallister's aggregate sentence. Exh. 153. Defense counsel objected on the basis that the Nevada Supreme Court had remanded for an evidentiary hearing. The district court granted the motion to dismiss and told defense counsel he could file an additional brief regarding the issues that the defense believed remained to be resolved.

On May 2, 2017, McCallister filed a motion to dismiss or in the alternative for a new trial and/or evidentiary hearing in state district court. Exh. 17. The state district court denied the motion. Exh. 161. The Nevada Supreme Court dismissed the appeal in part for lack of jurisdiction because no statute or court rule provides for an appeal of an order denying a motion to dismiss or a motion for an evidentiary hearing. Case No. 73261. The state supreme court also directed that an amended judgment of conviction be entered reflecting the dismissal of the lewdness counts. The amended judgment of conviction was entered on July 25, 2018. Exh. 23.

Next, McCallister dispatched his original federal habeas petition for filing on or about June 21, 2018 (ECF No. 7).  In September 2018, he filed an appeal of his amended judgment of conviction in state court. Case No. 76869. This court granted his motion for appointment of counsel (*see* ECF No. 6).  McCallister filed a counseled, amended federal petition (ECF No. 17). He then filed an unopposed motion to stay in December 2018 "until the resolution of his state appeal of his first postconviction petition in the Nevada Supreme Court" (ECF No. 18). In March 2019, the Nevada Supreme Court dismissed his appeal because he was not aggrieved by the amended judgment of

conviction. Case No. 76869. He moved to reopen his federal case, and he filed a second-amended federal petition in July 2019 (ECF No. 27). That same day, he filed another state postconviction petition. Exh. 180.

Respondents filed a motion to dismiss the second-amended petition (ECF No. 33). McCallister then filed a second unopposed motion to stay; the court granted the motion to stay and dismissed the motion to dismiss without prejudice (ECF Nos. 39, 40, 41).

The Nevada Supreme Court affirmed the denial of the second state postconviction petition as untimely and successive in December 2020. Exh. 212.

McCallister moved to reopen the case in February 2021 and respondents have now filed a second motion to dismiss several grounds in the second-amended petition (ECF No. 45).

**II.    Legal Standard & Analysis**

   **a. Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court

must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### b. Cognizability (state law claims)

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *see also Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws").

### c. Procedural Default

28 U.S.C. § 2254(d) provides that this court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds, instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id*.

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

### Ground 3

McCallister contends that his appellate counsel was ineffective for failing to raise the statute of limitations for the lewdness charges on appeal (ECF No. 27, pp. 65-66). In

5

his appeal of the denial of his first state postconviction petition, McCallister makes a passing reference in an introductory paragraph, that trial and appellate counsel were both ineffective for failing to investigate and challenge the statute of limitations. Exh. 13, p. 32. But the actual claim is solely one of ineffective assistance of his trial counsel, Paul Wommer. *Id.* at 34-36. Exhaustion requires a petitioner to raise the operative facts and legal theory of his claim in the highest state court. *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005); *see also* exh. 15, p. 3, Nevada Supreme Court's order affirming the denial of the petition ("McCallister first argues that trial counsel should have asserted a statute of limitations defense").[2] The court agrees with respondents that ground 3 is unexhausted.

**Ground 4**

McCallister urges that the trial court admitted prejudicial hearsay in violation of his Sixth and Fourteenth Amendment due process and fair trial rights (ECF No. 27, pp. 66-75). Respondents argue that McCallister only presented this claim as a state law claim in the state courts (ECF No. 45, pp. 9-10).

McCallister titled this claim before the Nevada Supreme Court as an alleged violation of his Sixth and Fourteenth Amendment rights to a fair trial. Exh. 6, p. 25. He stated, without citation, that "[a]dmission of hearsay can result in the denial of a fair trial." *Id.* But his claim that it was error to admit the challenged hearsay statements relied entirely on state law. "Mere general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not establish exhaustion." *Hiivala,* 195 F.3d at 1106. As respondents point out, the Ninth Circuit has specifically rejected the notion that making a cursory reference to vague concepts like due process or the right to a fair trial, then discussing state law in detail, is sufficient to exhaust a claim. *See Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005) ("Petitioner's briefing to the state court mentioned the 'federal Constitution' twice, and

---

[2] The fact that the Nevada Supreme Court analyzed the claim as solely ineffective assistance of trial counsel is not, in and of itself, determinative.

'due process' once, but discussed an applicable provision of the state constitution throughout the remainder of the argument. Petitioner's mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim.") The claim is unexhausted. Moreover, McCallister claims error in the application or interpretation of state law. *See Hubbart*, 379 F.3d at 779-80. This is a state-law claim, and it is not cognizable in federal habeas corpus. Ground 4 is dismissed.

**Ground 5**

McCallister asserts that the cumulative effect of errors at trial violated his Fifth, Sixth, and Fourteenth Amendment rights (ECF No. 27, pp. 75-76).

Respondents argue that ground 5 is unexhausted to the extent that it incorporates any unexhausted claim (ECF No. 45, p. 10). Ground 5 is exhausted to the extent that it incorporates underlying exhausted claims only.

**Ground 1**

McCallister argues that the prosecution committed misconduct by charging him with 13 counts of lewdness it knew were barred by the statute of limitations (Ground 1.1); offering inadmissible testimony to vouch for and bolster the victim's credibility (Ground 1.2); and attempting to portray him as a repeat offender or child abuser (Ground 1.3) (ECF No. 27, pp. 26-36). McCallister presented these claims in state court during his most recent postconviction proceeding and the Nevada Supreme Court rejected them as procedurally barred pursuant to NRS 348.726 and NRS 34.810. Exh. 212, pp. 1-2, 5-6.

McCallister contends that he attempted to raise these claims to the highest state court but was repeatedly thwarted. But McCallister raised no claims of prosecutorial misconduct in his direct appeal. As to ground 1.1, he did not raise it on direct appeal. *See* exh. 6. As to ground 1.2, he raised the claim that the district court erred in admitting the complained-of testimony (*see* federal ground 4, above), but he did not present a claim of prosecutorial misconduct. Finally, he did not raise ground 1.3 on direct appeal.

As stated, McCallister presented these claims in state court during his most recent postconviction proceeding, and the Nevada Supreme Court rejected them as procedurally barred pursuant to NRS 34.726 and NRS 34.810. Exh. 212, pp. 1-2, 5-6. Petitioner bears the burden of proving good cause for his failure to present the claim and actual prejudice. NRS 34.810(3). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bars at issue in this case – NRS 34.726 and NRS 34.810 – are independent and adequate state grounds. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, the Nevada Supreme Court's determination that federal ground 1 was procedurally barred under NRS 34.726 and 34.810 were independent and adequate grounds to affirm the denial of the claims in the state petition.

McCallister argues that he can demonstrate cause because he could not have raised these claims until the Nevada Supreme Court ruled in his favor on appeal of the denial of his state postconviction petition, holding that the statute of limitations for the lewdness charges had expired (ECF No. 48, pp. 8-16). This belies common sense. McCallister certainly could have (and should have) raised the statute of limitations argument on direct appeal. The entirety of ground 1 is procedurally defaulted.

**Ground 2**

McCallister sets forth several claims that his counsel was ineffective in violation of his Sixth and Fourteenth Amendment rights (ECF No. 27, pp. 36-65) In ground 2.2.2 he alleges that his counsel failed to investigate McCallister's former colleague Louis Johnson. Respondents argue that this claim is unexhausted and procedurally barred (ECF No. 45, p. 8).

McCallister returned to state court and raised ground 2.2.2 as part of his successive postconviction petition. The Nevada Supreme Court held that the claim was procedurally defaulted as untimely and successive under NRS 34.726(1) and 34.810(3). Exh. 212, p. 3. He acknowledges that ground 2.2.2 is procedurally barred from federal

8


review but argues that he can demonstrate cause and prejudice to excuse that default based on ineffective assistance of state postconviction counsel.

The Court in *Coleman* held that ineffective assistance of counsel in postconviction proceedings does not establish cause for the procedural default of a claim. 501 U.S. at 750. However, in *Martinez v. Ryan*, the Court subsequently held that the failure of a court to appoint counsel, or the ineffective assistance of counsel in a state postconviction proceeding, may establish cause to overcome a procedural default in specific, narrowly-defined circumstances. 566 U.S. 1 (2012). The Court explained that *Martinez* established a "narrow exception" to the *Coleman* rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17.

In *Clabourne v. Ryan*, 745 F.3d 362 (9th Cir. 2014), the Ninth Circuit provided guidelines for applying *Martinez*, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that Clabourne make two showings. First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]. *Strickland*, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different. Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

*Clabourne*, 745 F.3d at 377 (citations omitted).

Here, McCallister argues that he can establish cause and prejudice under *Martinez* to excuse the default of this claim and to demonstrate that this court should review the claim on the merits (ECF No. 48, pp. 17-19). Respondents acknowledge that the resolution of the cause and prejudice issue and the merits of the claim are closely

9

intertwined, and they ask the court to defer a ruling on whether the procedural default is excused until the merits disposition. The court agrees and declines to dismiss ground 2.2.2 at this time. A decision on whether ground 2.2.2 is procedurally barred from federal review is deferred.

### III. **Petitioner's Options Regarding Unexhausted Claim**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that ground 3 is unexhausted, ground 1 is procedurally defaulted, a decision on whether ground 2.2.2 is procedurally defaulted is deferred, and ground 4 is dismissed. Because the court finds that the petition contains an unexhausted claim, petitioner has these options:

>  1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;
>
>  2. He may return to state court to exhaust his unexhausted claim in which case his federal habeas petition will be denied without prejudice; or
>
>  3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted

10

claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claim in state court and presents argument regarding the question of whether his unexhausted claim is plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claim, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## IV.    Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 45) is granted in part as follows:

Ground 1 is **procedurally barred** from federal habeas review;

A decision on whether ground 2.2.2 is procedurally defaulted is deferred;

Ground 3 is **UNEXHAUSTED**;

Ground 4 is **DISMISSED** as noncognizable in federal habeas corpus.

**IT IS FURTHER** ordered that petitioner has **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; OR (3) file a motion for a stay and abeyance, asking this court to

hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents will have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner will have **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file their response to the second-amended petition (ECF No. 44) and motion to extend time to file their reply in support of their motion to dismiss (ECF No. 49) are both **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's motion to extend time to file his opposition to the motion to dismiss (ECF No. 47) is **GRANTED** *nunc pro tunc*.

DATED: February 11, 2022.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE