**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD MCCALLISTER,<br><br>　　Petitioner<br><br>v.<br><br>BRIAN E. WILLIAMS, et al.,<br><br>　　Respondents. | Case No.: 2:18-cv-01140-JCM-EJY<br><br>**ORDER** |

In the remaining claims in Donald McCallister's 28 U.S.C. § 2254 second-amended habeas corpus petition he argues that his trial counsel rendered ineffective assistance in a variety of ways. (ECF No. 27.) His claims mainly stem from his position that his trial counsel rendered ineffective assistance due to a brain injury he sustained in a ski accident decades earlier. Before the court now is his motion for evidentiary hearing. (ECF No. 71.) Because McCallister had a full and fair opportunity to develop the state-court record and because additional facts are not needed to resolve his claims, the motion is denied.

**I.  Background**

A jury convicted McCallister of six counts of sexual assault of a minor under 14 years of age and thirteen counts of lewdness with a child under the age of 14. (ECF No.

28-4, Exh. 4). The charges stemmed from his time teaching at Paradise Elementary School in Las Vegas, Nevada. Teachers at the at-risk school were heavily involved in students' lives, including helping to ensure that they had basic necessities and conducting home visits to families living in motels. McCallister became particularly involved in helping J.B., who had a troubled home life. J.B. went to live with McCallister when he was 9 years-old for about 3 years. Years later, when he no longer lived with McCallister, J.B. said that he realized that McCallister had been sexually abusing him. (*See* ECF No. 27 at 6-9.)

The state district court sentenced McCallister to terms that amounted to life in prison with the possibility of parole after 45 years. *Id.* Judgment of conviction was entered on January 3, 2012.[1] *Id.*

The Nevada Supreme Court remanded his state postconviction habeas petition for the district court to consider whether his counsel was ineffective for failing to raise a statute of limitations defense to the lewdness charges. In response, the State dismissed the lewdness charges. (*See* ECF No. 29-4, Exh. 15, ECF No. 29-12, Exh. 23.) An amended judgment of conviction was entered in July 2018.[2] (ECF No. 29-12, Exh. 23.)

McCallister filed his original federal habeas petition on or about June 21, 2018. (ECF No. 7.) This court granted his motion for appointment of counsel. (*See* ECF No. 6) In July 2019, he filed a second-amended federal petition. (ECF No. 27.) Ultimately, the

---

[1] McCallister's federal proceedings have a long and fairly complicated procedural history, which the court recounts here only as necessary background in resolving the motion for evidentiary hearing.

[2] The dismissal of the lewdness charges did not change the length of McCallister's sentence.

2

following grounds of ineffective assistance of his trial counsel, Paul Wommer, remain before this court. McCallister alleges:

**Ground 2.1**: Trial counsel was ineffective in violation of McCallister's Sixth Amendment rights by failing to object to or raise a statute of limitations defense:

**Ground 2.1.1**: Trial counsel failed to argue that the 6 sexual assault counts were barred by the statute of limitations.

**Ground 2.1.2**: Trial counsel failed to argue that evidence from the 13 barred lewdness counts improperly affected the verdict on the 6 sexual assault counts.

**Ground 2.2**: Trial counsel failed to investigate available witnesses:

**Ground 2.2.1**: Carolyn Myers

**Ground 2.2.2**: Louis Johnson[3] (procedurally barred)

**Ground 2.3**: Trial counsel was ineffective by introducing uncharged allegations.

**Ground 2.4**: Trial counsel failed to reasonably cross-examine the victim.

**Ground 2.5**: Trial counsel failed to object to testimony by a school psychologist and a teacher.

**Ground 2.6**: Trial counsel was incapable of effectively representing McCallister due to brain damage.

**Ground 2.7**: The cumulative effect of trial counsel's ineffectiveness prejudiced McCallister.

**Ground 5**: The cumulative errors violated McCallister's Fifth, Sixth, and Fourteenth Amendment due process and fair trial rights.

(ECF No. 27.)

---

[3] Ground 2.2.2 is procedurally barred, and this court deferred a determination as to whether McCallister can demonstrate cause and prejudice to excuse the default to the merits adjudication. (ECF No. 52.)

McCallister now argues that his second-amended petition would benefit from additional factual development by way of an evidentiary hearing. (ECF No. 71.) He insists that he never had a full and fair opportunity in state court to develop the factual record in support of his claims that his trial counsel rendered ineffective assistance. Respondents disagree and also argue that additional facts are not needed to rule on his pending claims. (ECF No. 74.)[4]

## II. Legal Standards & Analysis

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The decision to grant an evidentiary hearing is in the discretion of the district court. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A court must decide whether "the hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. If the record belies the petitioner's factual allegations, or precludes habeas relief, an evidentiary hearing is unnecessary. *Id.*

And if a petitioner cannot raise a colorable claim of ineffective assistance of counsel as required by *Strickland v. Washington*, 466 U.S. 668 (2006), he is not entitled to an evidentiary hearing. *Id*. When issues can be resolved from the record, an evidentiary hearing is not necessary. *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1988).

Entitlement to an evidentiary hearing is statutorily limited by 28 U.S.C. § 2254(e)(2). *See Cullen v. Pinholster*, 563 U.S. 170 at 184–85 (2011). If the applicant has failed to

---

[4] McCallister filed a reply. (ECF No. 75.)

4

develop the factual basis of a claim in state court, the federal court need not hold a hearing on the claim unless the applicant demonstrates that the claim relies on a new rule of constitutional law made retroactive on collateral review by the United States Supreme Court that was not previously available, or a factual predicate that could not have been previously discovered through the exercise of due diligence, and the facts underlying the claim would establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2254(e)(2)(A). The determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1).

***McCallister litigated the merits of almost all remaining claims in state court.***

A main reason that this court concludes that McCallister is not entitled to an evidentiary hearing is that he presented all the claims in grounds 2 and 5, except for ground 2.2.2, in state court, where they were adjudicated on the merits. They are, therefore, not subject to *de novo* review, and this court is not permitted to hear new evidence on the claims.

First, McCallister wants to introduce the testimony of Carolyne Edwards. (ECF No. 71 at 7-8; ECF No. 30-1, Exh. 29, Decl. Carolyne Edwards.) Edwards was the principal at Paradise Elementary for part of the time McCallister worked there.[5] The Nevada Supreme Court held that McCallister failed to demonstrate that trial counsel Wommer was ineffective for failing to call Edwards to testify. (ECF No. 29-4, Exh. 15 at 4-5.) McCallister argued Edwards would have testified "as to his good character, his virtues

---

[5] In her declaration, Edwards states that she no longer worked at Paradise at the time JB went to stay with McCallister. (ECF No. 30-1, Exh. 29.)

as an employee, and that other teachers had hosted students overnight." (*Id.* at 4.) The state supreme court explained that because other witnesses had testified similarly, Edwards' testimony would have been cumulative, and therefore, McCallister could not demonstrate deficiency or prejudice. Accordingly, this claim was adjudicated on the merits, and this court will review it pursuant to § 2254(d)(1).[6]

Next, McCallister wants this court to hear testimony by Dr. Louis Mortillaro. (ECF No. 71 at 8-9.) State postconviction counsel argued on appeal that Wommer was ineffective because he'd suffered a traumatic brain injury decades before the trial in a ski accident. (ECF No. 29-2, Exh. 13 at 20-21, 42-43.) Counsel pointed to Dr. Mortillaro's psychological and neuropsychological testing of Wommer and his testimony in Wommer's tax evasion trial. McCallister presented the doctor's findings and diagnoses in his appeal of the denial of the state postconviction petition. (*Id.*)

But the Nevada Supreme Court rejected this claim because McCallister did not identify, and the record did not indicate, any effect counsel's personal issues had on his representation in this matter. (ECF No. 29-4, Exh. 15 at 5.) This claim was adjudicated on the merits and will be subject to review here under § 2254(d)(1).

---

[6] Under § 2254(d)(1) a petition for writ of habeas corpus shall not be granted if the claim was adjudicated on the merits in state court unless the adjudication resulted in a decision that was contrary to, or involved unreasonable application of, clearly established Federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. The language in 2254(d)(1) "requires an examination of the state-court decision at the time it was made," and, therefore, the record under review must be "limited to the record in existence at that same time, *i.e.*, the record before the state court." *Pinholster*, 563 U.S. at 182.

***This court declines to consider evidence beyond the state-court record in its determination as to whether ground 2.2.2 is procedurally barred from federal review.***

Finally, McCallister urges this court to hear the testimony of Lois Johnson, another colleague at Paradise. (ECF No. 71 at 8, Decl. Lois Johnson, ECF No. 30-2, Exh. 30.) As with Edwards, McCallister proffers that Johnson would have testified to his good character, that he was highly regarded at work, and that the school's culture encouraged involvement in student's lives.

In his untimely second state habeas petition, McCallister asserted that Wommer was ineffective for failing to call Johnson. (ECF No. 37-30, Exh. 180 at 51, 54-56.) The Nevada Supreme Court applied the mandatory state procedural bars in holding that his petition was time-barred and successive.[7] (ECF No. 46-30, Exh. 212.) The court also concluded that the subject matter contained in both the Edwards and Johnson affidavits was reasonably available during McCallister's first postconviction proceedings. (*See* ECF No. 46-30 at 2, n.1.)

McCallister argued in his opposition to respondents' motion to dismiss that he could demonstrate cause for the procedural default here of ground 2.2.2 because under *Martinez v. Ryan* a habeas petitioner can cite to ineffective assistance of postconviction counsel as cause for the procedural default of an ineffective-assistance-of-trial-counsel claim. 566 U.S. 1, 9 (2012). McCallister further argues that an evidentiary hearing is not precluded by § 2245(e)(2) because any failure to develop the factual bases for his claims can be attributed to the negligence of his postconviction counsel.

---

[7] The court also pointed out that the claim that counsel failed to investigate Edwards was rejected in McCallister's first round of state postconviction litigation, and therefore, was barred by the law of the case. (ECF No. 46-30, Exh. 212.)

7

Section 2254(e)(2) applies only when a prisoner "has failed to develop the factual basis of a claim." The U.S. Supreme Court has interpreted "fail" to mean that the prisoner must be "at fault" - *i.e.*, "bear[] responsibility" -- for the undeveloped record in state court. *Williams v. Taylor*, 529 U.S. 420, 432 (2000).

Recently the U.S. Supreme Court decided that "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1734 (2022). The Court determined that *Martinez* did not disturb the long-standing rule that a habeas petitioner bears the risk for his or her post-conviction counsel's deficiencies in developing the state court record. *Id.* at 1735-38. So, even under *Martinez*, a federal court may not consider new evidence on the merits of a claim unless the petitioner satisfies the stringent requirements of 28 U.S.C. § 2254(e)(2). *Id.*

This court sees no point in holding a *Martinez* hearing to address whether there is cause and prejudice to excuse a procedural default if the evidence adduced cannot be considered in deciding the underlying habeas claim. Consequently, McCallister's motion for an evidentiary hearing is denied.

***The proffered evidence would not prove McCallister was entitled to relief.***

Finally, the testimony that McCallister wants to present to this court is not the type that would enable him to prove factual allegations that would entitle him to federal habeas relief. *Schriro*, 550 U.S. at 474. McCallister offers his colleagues' testimony that he was an exemplary employee, that at Paradise the staff was heavily involved in students' lives, and that they personally did not believe he was guilty.

8

First, other colleagues testified similarly. Second, such character evidence would not allow him to prove he was entitled to habeas relief.

Testimony by the doctor who testified on behalf of Wommer in his tax evasion trial about the psychological and neuropsychological testing he conducted in that context also would not prove that McCallister was entitled to habeas relief.

At issue with a claim of ineffective assistance of trial counsel is how counsel's actions or inactions were deficient and whether such deficiency prejudiced a petitioner. The question of what may have caused or contributed to counsel's failure to render effective assistance is immaterial. This court therefore denies the motion for evidentiary hearing.

### III. **Missing Trial Transcript**

Reviewing the state-court record, it appears that the jury trial transcript for Tuesday, October 11, 2011, may be missing. While respondents' index indicates that it contains Days 1-5 of proceedings, the court was unable to locate a transcript of the victim's testimony. (*See* ECF Nos. 35-5, 35-9, 35-10, 35-12, Exhs. 75, 79, 80, 82.) Accordingly, the court directs respondents to file any missing transcripts from McCallister's jury trial.

IV. **Conclusion**

IT IS THEREFORE ORDERED that petitioner's motion for evidentiary hearing **(ECF No. 71) is DENIED** as set forth in this order.

IT IS FURTHER ORDERED that respondents have **30 days** to file any missing trial transcripts.

DATED: September 13, 2023.

---
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE